```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
DIABATE KARAMOKE, A#09598946,        :    09 Civ. 4089 (GBD)(JCF)
201 VARICK STREET, 4 FL., VARICK     :
FEDERAL DETENTION CENTER, NEW YORK,  :       REPORT AND
NY, 10014,                           :     RECOMMENDATION
                                     :
             Petitioner,             :
                                     :
     - against -                     :
                                     :
U.S. HOMELAND SECURITY, BUREAU OF    :
IMMIGRATION AND CUSTOMS              :
ENFORCEMENT, 201 VARICK STREET,      :
11 FLR., VARICK FEDERAL DETENTION    :
CENTER, NEW YORK, NY 10014,          :
                                     :
             Respondents.            :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:

Diabate Karamoke brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his detention pending deportation. The government has filed a motion to dismiss, arguing that because the only relief the petitioner seeks is termination of his detention by the Department of Homeland Security ("DHS"), his petition became moot when he was released under an order of supervision. The petitioner has not filed any papers in opposition to the government's motion. For the reasons discussed below, I recommend that the motion be granted.

Background

Mr. Karamoke is a native and a citizen of the Ivory Coast. (U.S. Department of Homeland Security Notice to Appear dated October 10, 2007 ("Notice to Appear"), attached as Exh. A to Letter

1

of Shane Cargo dated June 3, 2009 ("Cargo Letter"), at 2).  On or around May 31, 1995, he was admitted to the United States on a P-3 visa as a nonimmigrant visitor.[1]  (Notice to Appear at 2). Although Mr. Karamoke was authorized to stay for no longer than sixty days, he remained in the United States beyond this period. (Notice to Appear at 2).  On May 7, 2005 and May 28, 2006, he was convicted of trademark counterfeiting in violation of New York Penal Law § 165.71.  (Notice to Appear at 2). Thereafter, the DHS detained Mr. Karamoke at the Varick Federal Detention Center, pending removal pursuant to §§ 237(a)(1)(B) and 237(a)(2)(A)(ii) of the Immigration and Nationality Act (the "INA").[2]  (Petition for Writ of Habeas Corpus ("Petition") at 2; Notice to Appear at 2).

On August 6, 2008, an Immigration Judge ordered the petitioner removed to the Ivory Coast.  (U.S. Department of Justice Executive

---

[1] Nonimmigrant visas are issued to citizens of other countries who come to the United States temporarily.  A P-3 visa is issued to foreign nationals who enter the United States to participate in a program that is culturally unique.  On a P-3 visa, the foreign national is permitted to stay in the United States for the time period necessary to complete his relevant performance or event. This period may not exceed one year unless an extension is specifically granted. Immspec.com, P-3 Visa for Artists and Entertainers of Culturally Unique Programs, http://www.immspec.com/p3-visa.htm (last visited July 13, 2009).

[2] Section 237(a)(1)(B) authorizes the deportation of any alien who remains in the United States for a time longer than is permitted in violation of the INA or any other federal law.  Under § 237(a)(2)(A)(ii) of the INA, any alien who is convicted of two or more crimes involving moral turpitude is subject to deportation.

Office for Immigration Review, Order of the Immigration Judge dated August 6, 2008 ("IJ Order"), attached as Exh. B to Cargo Letter, at 1). On March 8, 2009, the DHS issued an order releasing Mr. Karamoke from custody "pending [his] removal from the United States." (U.S. Immigration and Customs Enforcement Release Notification dated March 9, 2009 ("Release Notification"), attached as Exh. C to Cargo Letter, at 1). The notice directed Mr. Karamoke to report to a DHS office within sixty days, after having obtained a valid passport and having filed a current travel application. (Release Notification at 1). The notice further required Mr. Karamoke to surrender to the DHS for removal after he had obtained his travel documents. (Release Notification at 1).

Mr. Karamoke's petition is dated March 1, 2009, prior to the order releasing him from detention. The DHS responded to the petition on June 3, 2009, arguing that it should be dismissed as moot. The petitioner did not submit a reply.

Discussion

A court has jurisdiction over a habeas corpus petition only if the petitioner is "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1); see also Ramirez v. Immigration and Naturalization Service, 86 F. Supp. 2d 301, 302-03 (S.D.N.Y. 2000). Regardless of whether he is ultimately deported, a petitioner satisfies the "in custody" requirement if he files the petition while detained. So v. Reno, 251 F. Supp. 2d 1112, 1120

(E.D.N.Y. 2003)(citing <u>Gonzalez v. Immigration and Naturalization Service</u>, No. 01 Civ. 6229, 2002 WL 31444952, at *3 (S.D.N.Y. Oct. 31, 2002)).

Where the habeas petitioner has been released from custody after filing a petition, however, the petition may be moot if there is no "case or controversy" under Article III, § 2 of the United States Constitution. <u>See</u> <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998); <u>Masoud v. Filip</u>, No. 6:07 Civ. 06387, 2009 WL 223006, at *5 (W.D.N.Y. Jan. 27, 2009). Indeed, it is well established that a court may only resolve "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." <u>Christian v. Bureau of Prisons</u>, No. 04 Civ. 6526, 2005 WL 2033381, at *2 (S.D.N.Y. Aug. 23, 2005)(quoting <u>Aetna Life Insurance Co. v. Haworth</u>, 300 U.S. 227, 241 (1937)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." <u>Id.</u> (quoting <u>Lewis v. Continental Bank Corporation</u>, 494 U.S. 472, 477-78 (1990)). To demonstrate a "case or controversy" after release, a petitioner must show a "concrete and continuing injury" that is a "collateral consequence" of the detention or conviction and which can be remedied by issuance of the writ. <u>Spencer</u>, 523 U.S. at 7; <u>accord</u>

4

So, 251 F. Supp. 2d at 1121; Gonzalez, 2002 WL 31444952, at *3.

When these principles are applied in the habeas context, it is clear that a case can be rendered moot as a result of deportation. See Mizell v. Attorney General of the State of New York, 586 F.2d 942, 947-48 (2d Cir. 1978); Alhawwarin v. United States Department of Homeland Security, No. 08 Civ. 6247, 2009 WL 229964, at *3 (W.D.N.Y. Jan. 29, 2009); So, 251 F. Supp. 2d at 1124; Ramirez, 86 F. Supp. 2d at 301.  Indeed, when a habeas petitioner challenges solely his detention but is subsequently released prior to removal, courts routinely dismiss the petition as moot.  See, e.g., Masoud, 2009 WL 223006, at *6; Singh v. Mule, No. 07 Civ. 6387, 2009 WL 204618, at *9 (W.D.N.Y. Jan. 27, 2009); Baptiste v. Immigration and Naturalization Service, No. 06 Civ. 0615, 2006 WL 3050884, at *2 (E.D.N.Y. Oct. 23, 2006); Christian, 2005 WL 2033381, at *2; Williams v. Immigration and Naturalization Service, No. 02 Civ. 3814, 2005 WL 1994102, at *2 (S.D.N.Y. Aug. 18, 2005); Sayavong v. McElroy, No. 00 Civ. 0922, 2003 WL 470576, at *3 (S.D.N.Y. Jan. 9, 2003); Johnson v. Reno, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001).

Here, the petitioner challenges only the lawfulness of his detention.  He has not provided this Court with any evidence indicating that he suffered any collateral consequences that could cause continued injury.  See So, 251 F. Supp. 2d at 1112.  Hence, his petition became moot upon his release.  As Mr. Karamoke's petition no longer presents a constitutional case or controversy,

it should be dismissed.

Conclusion

For the reasons set forth above, the government's motion should be granted and Mr. Karamoke's petition should be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable George B. Daniels, Room 630, and to the Chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         July 14, 2009

Copies mailed this date:

Diabate Karamoke
c/o Destiny Felder
160 West 174th Street
New York, New York 10453

6

Shane Cargo, Esq.
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007