**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DIABATE KARAMOKE,               :
                 Plaintiff,     :

                           :

          -against-           :

U.S. HOMELAND SECURITY, BUREAU    :
OF IMMIGRATION AND CUSTOMS,       :

                           :

              Respondent.    :

                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER
09 Civ. 4089 (GBD)(JCF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 0 2009

GEORGE B. DANIELS, United States District Judge:

Petitioner Diabate Karamoke filed a writ of habeas corpus, challenging his detention by the Department of Homeland Security. Respondent moved to dismiss on the grounds that the motion became moot upon the petitioner's release from custody. Plaintiff has not submitted any opposition to the Respondent's motion. The Court referred the matter to Magistrate Judge James C. Francis for a Report and Recommendation. Magistrate Judge Francis issued a Report and Recommendation ("Report") recommending that the petition be dismissed. The Court adopts the Report's recommendation that the petitioner's writ of habeas corpus be denied.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; Heckler v. Montgomery, 567 F. Supp. 2d 471, 472 (S.D.N.Y. 2008). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). The Court may instead, arrive at its own, independent conclusions regarding those portions to which objections were made. Nelson v. Smith, 618 F.

Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting <u>Hernandez v. Estelle</u>, 711 F.2d 619, 620 (5th Cir. 1983)).  When no objections to a Report are made, the Court may adopt the Report if there is no clear error on the face of the record.  <u>Adee Motor Cars, LLC v. Amato</u>, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citations omitted).

The petitioner is a native citizen of the Ivory Coast.  Though his convictions are anticipated to result in removal, the petitioner did not address this issue in his petition and only addressed the lawfulness of his detention.  On March 8, 2009, the Department of Homeland Security issued an order releasing Mr. Karamoke from custody under an order of supervision pending deportation.

A petition may be moot if there is no "case or controversy" under Article III, § 2 of the United States Constitution.  <u>See</u>  <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998).  When a habeas petitioner challenges solely his detention, but is subsequently released prior to removal, courts routinely dismiss the petition as moot, finding no persisting case in controversy.  <u>See</u>, <u>Masoud v. Filip</u>, No. 6:07 Civ. 06387, 2009 WL 223006, at *5 (W.D.N.Y. Jan. 27, 2009).  Magistrate Judge Francis correctly determined that the petitioner's failure to demonstrate a case or controversy subsequent to his release has rendered his petition moot.

In his report, Magistrate Judge Francis advised the parties that failure to timely file written objections would constitute a waiver of those objections.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Neither party filed objections to the Report and the time to do so has expired.  After carefully reviewing the Report, the Court finds that the report is not facially erroneous.  Accordingly, the Court adopts the Report, and for the reasons stated therein, the writ is denied and the petition dismissed.

Petitioner has not made a substantial showing of the denial of a constitutional right.

Therefore, a certificate of appealability will not issue. 28 U.S.C. § 2253; <u>Tankleff v. Senkowski</u>, 135 F.3d 235, 241 (2d Cir. 1998); <u>United States v. Perez</u>, 129 F.3d 255, 259-260 (2d Cir.1997); <u>Lozada v. United States</u>, 107 F.3d 1011 (2d Cir. 1997).  Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).


     Dated: New York, New York
           August 19, 2009


                           SO ORDERED:


                           _____

                           GEORGE B. DANIELS
                           United States District Judge